**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MIGUEL ORELLANA-TOREZ,

  Petitioner,

 v.

TODD LYONS, et al.,

  Respondents.

Civil Action No. 25-18907 (SDW)

OPINION

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Miguel Orellana-Torrez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility in Newark, New Jersey. ("Delaney Hall"). (ECF No. 1).

2. Respondents Acting ICE Director Todd M. Lyons, Department of Homeland Security ("DHS") Secretary Kristi Noem, United States Attorney General Pamela Bondi, and Delaney Hall warden Luis Soto oppose the Petition. (ECF No. 4).

3. Petitioner is a citizen of Nicaragua. (ECF No. 1 ¶ 10). He entered the United States on June 1, 2022 from Mexico and presented himself to Border Patrol. (*Id.* ¶ 38).

4. On June 3, 2022, a Border Patrol agent issued a determination of inadmissibility pursuant to Immigration and Nationality Act ("INA") § 235(b)(1), 8 U.S.C. § 1225(b)(1). (ECF No. 1-2). Petitioner asserts he was not served with the documents. (ECF No. 1 ¶ 39).

5. Petitioner was released from DHS custody in July 2022 with a cellphone and instructions to report to ICE when instructed. (*Id.* ¶ 40). Petitioner filed an "affirmative Form I-589, Application for Asylum, Withholding of Removal, and protection under the Convention

Against Torture [('CAT')] with the U.S. Citizenship and Immigration Services ('USCIS')." (*Id.* ¶ 43). Petitioner does not know if he was released on parole pursuant to 8 U.S.C. § 1182(d)(5) or on his own recognizance. (*Id.* ¶ 2 n.1).

6.      Petitioner received a notice that he had to attend a credible fear interview on October 15, 2025. (*Id.* ¶ 45). Petitioner appeared as requested, and the asylum officer "found he had credibly established a likelihood of persecution on account of his political opinion and activities if removed to Nicaragua." (*Id.*)[1] However, he was detained and transferred to Delaney Hall. (*Id.* ¶ 46; ECF No. 1-5).

7.      A notice to appear ("Notice") was issued that charged Petitioner with being a noncitizen "present in the United States who has not been admitted or paroled." (ECF No. 1-6 at 1). An immigration judge upheld Petitioner's removability on November 3, 2025.[2]

8.      Petitioner requested a bond hearing. (*Id.* ¶ 50). On December 15, 2025, Immigration Judge Ramin Rastegar denied bond based on *Matter of Hurtado*, 29 I & N Dec. 216 (BIA 2025) (holding immigration judges lacked jurisdiction to conduct bond hearings for noncitizens detained pursuant to 8 U.S.C. § 1225(b)(2)). (*Id.*; ECF No. 1-7).

9.      Petitioner filed the Petition on December 22, 2025. (ECF No. 1). On December 31, 2025, this Court made a preliminary finding that § 1226 applied to Petitioner's detention pursuant to *Bethancourt- Soto v. Soto, et al.*, No. 25-cv-16200, __ F. Supp. 3d __, 2025 WL

---

[1] The I-213 Form dated October 15, 2025 submitted by Respondents contains an incorrect statement that the asylum officer found Petitioner's fear of persecution claim to be not credible. (ECF No. 4-1 at 4). Respondents agree that this is an error and that the asylum officer did find that Petitioner demonstrated a credible fear of persecution or torture. (ECF No. 4 at 2 n.2).

[2] It does not appear that Petitioner is subject to a final order of removal.

2976572 (D.N.J. Oct. 22, 2025), but gave Respondents leave to file an expedited answer if they contended the Petition was distinguishable from *Bethancourt- Soto*. (ECF No. 2).

10.     Respondents filed their opposition on January 3, 2026, (ECF No. 4), and Petitioner submitted a reply on January 9, 2026, (ECF No. 5).

11.     Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

12.     Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

13.     Petitioner argues that he is being detained in violation of the Constitution because ICE arrested him without notice or an opportunity to contest that detention. (ECF No. 1 at 3). He argues that the immigration judge incorrectly determined that he is subject to mandatory detention without a bond hearing and that his detention can only be justified pursuant to § 1226(a), which would entitle him to an individualized assessment for release by an immigration judge. (*Id.* at 20).

14.     Respondents assert that this matter is distinguishable from *Bethancourt- Soto* because Petitioner is lawfully detained pursuant to § 1225(b)(1) pending removal proceedings, not § 1225(b)(2) as in *Bethancourt- Soto*. (ECF No. 4 at 2).

15. The record contradicts Respondents' assertion. The October 15, 2025 Notice specifically identified Petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled." (ECF No. 1-6 at 1 (emphasis added)). "Notably, the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of section 1225(b)(2)(A) … ." *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025).

16. Furthermore, the immigration judge denied bond based on *Hurtado*, which addressed immigration judges' jurisdiction pursuant to § 1225(b)(2), not § 1225(b)(1). *See Hurtado*, 29 I.&N. at 229 ("The Immigration Judge properly held that he lacked authority to hear the respondent's request for a bond as the respondent is an applicant for admission and is subject to mandatory detention under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A)."); (ECF No. 1-7). Having previously relied on § 1225(b)(2) to justify Petitioner's detention, Respondents may not now rely on § 1225(b)(1).

17. Respondents also have not produced any documentation that demonstrates Petitioner was paroled pursuant to § 1182(d)(5)(A) in 2022 as opposed to being released on a form of conditional parole pursuant to § 1226(a).

18. Therefore, it seems from the record that "DHS has consistently treated [Petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to Respondents'

4

claim that he is subject to mandatory detention under § 1225(b)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-84 (S.D.N.Y. 2025) (emphasis in original).

19.     Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2) violates the laws of the United States and Petitioner's Due Process rights.  Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

20.     An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: February 10, 2026