**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MIGUEL ORELLANA-TORREZ,** | **Civil Action No. 25-18907 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **TODD LYONS, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1. Presently before this Court is Petitioner Miguel Orellana-Torrez's motion pursuant to Federal Rule of Civil Procedure 54(b) asking this Court to revise its decision and rule on his remaining claims and order additional relief ("Motion"). (ECF No. 13).

2. Respondents oppose the Motion. (ECF No. 16).

3. On December 22, 2025, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") arguing that he was being impermissibly detained by Immigration and Customs Enforcement ("ICE"). (ECF No. 1). He asked to be released from custody or to be given a bond hearing. (*Id.* ¶ 6).

4. On December 31, 2025, this Court made a preliminary finding that 8 U.S.C. § 1226 applied to Petitioner's detention, as opposed to 8 U.S.C. § 1225(b)(2), pursuant to *Bethancourt-Soto v. Soto, et al.*, 807 F. Supp. 3d 397 (D.N.J. 2025), and required Respondents to provide Petitioner with a bond hearing by January 8, 2026. (ECF No. 2).

5. Respondents were permitted to file an expedited answer if they contended the Petition was distinguishable from *Bethancourt- Soto*, which they did on January 3, 2026. (ECF No. 4). They argued that *Bethancourt- Soto* was distinguishable because Petitioner was lawfully

detained pursuant to § 1225(b)(1) pending removal proceedings, not § 1225(b)(2) as in *Bethancourt- Soto*. (ECF No. 4 at 2).

6.      On February 10, 2026, this Court concluded that § 1226 governed Petitioner's detention. (ECF No. 10).  Respondents were ordered to provide Petitioner with a bond hearing within 7 days. (*Id.*)

7.      Petitioner had a bond hearing before Immigration Judge Adam Panopoulos on February 13, 2026.  (ECF No. 12-1).  Immigration Judge Panopoulos denied Petitioner's bond request after finding that Petitioner was a flight risk.  (*Id.* at 2).

8.      Petitioner filed his Motion on February 20, 2026 seeking additional relief from this Court. (ECF No. 13).  He "requests that this Court reconsider its previous ruling in order to prevent 'manifest injustice' where the Court's ruling and afforded remedy did not address the primary constitutional argument raised in his Petition, namely that his arbitrary re-detention violated his due process rights under the Fifth Amendment."  (ECF No. 13-1 at 5).

9.      "When an action presents more than one claim for relief … the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  "[A]ny order or other decision ... that that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  *Id.*

10.      "A Court will amend a prior order only where a different outcome is justified by: (1) an intervening change in law; (2) the availability of new evidence not previously available; or

2

(3) a need to correct a clear error of law or manifest injustice." *DiNoia v. Cumbo*, No. 2:12-cv-3175, 2016 WL 183526, at *1 (D.N.J. Jan. 14, 2016).

11.    In sum and substance, Petitioner asserts that this Court should reconsider its Order to prevent manifest injustice because immediate release, rather than an individualized bond hearing, was the proper remedy for the Court to fashion.  Petitioner also argues that the Court overlooked his substantive due process argument.

12.    "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, No. 26–cv–01689, __ F. Supp. 3d __, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

13.    Petitioner has failed to present a proper ground for this Court to reconsider its Order.  This Court considered all Petitioner's arguments presented in the Petition and granted Petitioner's habeas petition because his detention violated his due process rights.  It further concluded that the violation could be remedied by a bond hearing as authorized by § 1226 and the Constitution.  *See Zheng,* 2026 WL 800203, at *4 (noting that § 1226, its implementing regulations, and the Constitution all require a bond hearing.)

14.    The fact that Petitioner's bond hearing did not result in Petitioner's release does not mean that this Court's Order created manifest injustice, nor does it present a ground for this Court to reconsider its Order.

15.    Accordingly, Petitioner's Motion will be denied, and this matter will be closed.

16.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
 Dated: April 9, 2026